JILL H. COFFMAN (NY Bar 2307098)
CHRISTY J. KWON (CA Bar 217186)
CARMEN LEÓN (CA Bar 249981)
National Labor Relations Board
Region 20
901 Market Street, Suite 400
San Francisco, California 94103
Telephone: (415) 356-5130/356-5176
Facsimile: (415) 356-5156
Email: carmen.leon@nlrb.gov

Attorneys for Applicant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>                  Applicant,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC.<br><br><br>                  Respondent. | No.<br><br>**APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA *AD TESTIFICANDUM* AND SUBPOENA *DUCES TECUM*** |

      The National Labor Relations Board (the Board), an administrative agency of the United States Government created pursuant to the National Labor Relations Act, as amended [29 U.S.C. § 151 et seq.] (the Act), by its General Counsel, and by Jill Coffman, Regional Attorney for Region 20 of the Board (Region 20), respectfully applies to this Honorable Court, pursuant to Section 11(2) of the Act [29 U.S.C. § 161(2)], for an order requiring Uber Technologies, Inc., (Respondent), to obey investigative subpoenas issued to it by an agent of the Board. The

subpoenas were issued by the Board and were duly served on Respondent in the manner provided by law. In support of this application, upon information and belief, the Board shows as follows:

**JURISDICTION AND VENUE**

(a) This Court has jurisdiction over the subject matter of the proceeding, and over Respondent, by virtue of Section 11(2) of the Act [29 U.S.C. § 161(2)], in that the investigation for which Subpoena *Ad Testificandum* A-1-PRRW1T (Exhibit 1(a)) and Subpoena *Duces Tecum* B-1-PRL733 (Exhibit 2(a)) were issued is being carried on within this judicial district.

(b) Pursuant to the provisions of Section 6 of the Act, the Board has issued Rules and Regulations (Series 8, as amended) (the Rules), governing the conduct of its operations, which have been duly published in the Federal Register, 24 F.R. 9095, as provided for in the Administrative Procedure Act, 5 U.S.C. § 552 (2012), and are reported at 29 C.F.R. §§ 102.1, et seq. This Court may take judicial notice of the Rules. See 44 U.S.C. § 1507 (2012).

**THE BOARD'S INVESTIGATION AND SUBPOENAS**

(c) Pursuant to the provisions of Section 10(b) of the Act [29 U.S.C. § 160(b)], there are now pending before the Board unfair labor practice proceedings entitled *Uber Technologies, Inc.*, involving charges filed against Respondent in Board Cases 20-CA-160717, 20-CA-160720, 14-CA-158833, 28-CA-160791, and 13-CA-163062. The charge in Case 20-CA-160717 was filed on September 24, 2015, by John Billington (Billington), an individual, and is attached here as Exhibit 3(a). The charge in Case 20-CA-160720 was filed on September 24, 2015, by Catherine London (London), an individual, and is attached here as Exhibit 4(a). The charge in Case 14-CA-158833, was filed on August 27, 2015, by Mamdooh Ramzi Husein (Husein), an individual, and is attached here as Exhibit 5(a). The charge in Case 28-CA-160791 was filed on September 25, 2015, by Brittany Nicol (Nicol), an individual, and is attached here as Exhibit

6(a). The charge in Case 13-CA-163062, was filed on October 30, 2015, by Abdul Mohammed (Mohammed), an individual, and is attached here as Exhibit 7(a). The charges were served on Respondent in the manner and form required by law and by Sections 102.9, 102.10 and 102.14 of the Board's Rules. Copies of the affidavits of service for each are attached hereto as Exhibits 3(b), 4(b), 5(b), 6(b), and 7(b), respectively.

(d)   Pursuant to the provisions of Section 3(d) of the Act [29 U.S.C. § 153(d)], the General Counsel of the Board and his duly authorized agents have the final authority, on behalf of the Board, to investigate charges and issue complaints under Section 10 of the Act [29 U.S.C. § 160]. The Regional Director of Region 20 of the Board, on behalf of the General Counsel, pursuant to the provisions of Section 3(d) of the Act [29 U.S.C. §153(d)], has caused investigations to be conducted regarding the unfair labor practice charges described in paragraph (c) above.

(e)   The charges in Cases 20-CA-160717 and 20-CA-160720, (Exhibit 3(a) and 4(a)) were filed with Region 20 (San Francisco) and they allege that Respondent violated the Act by requiring its drivers to waive their right to engage in protected concerted activity by requiring them to agree to a Licensing Agreement which includes an arbitration policy in which drivers waive their right to commence or participate in a class or collective action against Respondent. The charge in Case 14-CA-158833 (Exhibit 5(a)) was filed with Region 14 (Kansas City), and it alleges that Respondent discriminated against the Charging Party for engaging in protected concerted activity. The charge in Case 28-CA-160791 (Exhibit 6(a)) was filed on September 25, 2015, it alleges that Respondent disciplined and/or discharged the Charging Party because of her protected concerted activities. The charge in Case 13-CA-163062 (Exhibit 7(a)) was filed with Region 13 (Chicago) and it alleges that Respondent interfered with rights protected by Section 7

of the Act by telling employees that they would be terminated if they attempted to discuss working conditions with other employees and by discharging the Charging Party in retaliation and/or in order to discourage protected concerted activities.

(f) Each of the charges under investigation listed above in paragraph (c) allege conduct that would constitute a violation of the Act only if those individuals alleged to have had their statutory rights violated are "employees" of Respondent as defined by Section 2(3) of the Act [29 U.S.C. §152(3)].[1] The Respondent contends that all drivers alleged to have had their rights violated under the Act are independent contractors and not statutory employees. Therefore, the General Counsel of the Board must investigate the threshold issue of whether individuals subject to any of the alleged unfair labor practices described above are statutory employees and not independent contractors.

(g) On October 21, November 2, and November 9, 2015, all counsel for Respondent were notified that for the sake of efficiency, the General Counsel of the Board had designated Region 20 to coordinate the investigation of the threshold issue of whether the drivers covered by

---

[1] Section 2(3) of the Act [29 U.S.C. § 152(3)] (2016) provides:

> The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, but shall not include any individual employed as an agricultural laborer, or in the domestic service of any family or person at his home, or any individual employed by his parent or spouse, or any **individual having the status of an independent contractor**, or any individual employed as a supervisor, or any individual employed by an employer subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, or by any other person who is not an employer as herein defined." 29 U.S.C.A. § 152. (emphasis added)

the charges listed above in paragraph (c) are employees under Section 2(3) of the Act [29 U.S.C. §152]. The emails and letter communicating this consolidation are attached here as Exhibit 8(a). Absent such coordination, multiple regional offices of the Board would be undertaking duplicative investigation of the same threshold issue, and would be required to do so each time a new charge is filed with a regional office of the Board. In response, Respondent designated Rob Hulteng and his law firm to respond to the Board's consolidated investigation into this threshold. (Leon Affidavit, pg. 2, par. 4-6; Exhibit 8(b)).

(h) After failing to obtain complete cooperation from Respondent with regard to its production of material and relevant evidence on the threshold "employee/independent contractor" issue, the Regional Director on December 31, 2015, caused to be issued at the written request of the investigating Board agent, Carmen León, (the Board agent) a representative of the General Counsel of the Board, the following investigative subpoenas:

(1) Subpoena *Ad Testificandum* A-1-PRRW1T requiring Respondent's Custodian of Records to appear before a Board agent on January 26, 2016, at 9:00 a.m. at the San Francisco Regional Office, 901 Market Street, Suite 400, in San Francisco, California, and give testimony in the form of sworn answers to written interrogatories regarding the threshold issue of whether the drivers at issue are employees under Section 2(3) of the Act. A copy of Subpoena A-1-PRRW1T is attached as Exhibit 1(a).

(2) Subpoena *Duces Tecum* No. B-1-PRL733 requiring Respondent's Custodian of Records to appear before a Board agent on January 26, 2016, at 9:00 a.m., at the San Francisco Regional Office, 901 Market Street, Suite 400, in San Francisco, California, and provide certain specified records and other documents regarding, *inter alia*, the threshold issue of whether the drivers at issue are employees under Section 2(3) of the Act, and to give testimony in

connection with the contents of those records and other documents. A copy of Subpoena B-1-PRL733 is attached as Exhibit 2(a).

(i) Subpoena *Ad Testificandum* A-1-PRRW1T and Subpoena *Duces Tecum* B-1-PRL733, collectively referred to as Subpoenas, were issued under the authority of, and in the manner and form provided for, in Section 11(1) of the Act, [29 U.S.C. §161(1)] and Section 102.31(a) of the Board's Rules and Regulations. [29 C.F.R. § 102.31(a)].

(j) The Subpoenas were duly served upon Respondent in the manner and form provided for in Section 11(4) of the Act [29 U.S.C. § 161(4)] and Section 102.113 of the Board's Rules and Regulations. [29 C.F.R. § 102.113]. Copies of the proofs of service for the Subpoenas are attached hereto as Exhibit 1(b) and 2(b), respectively.

(k) A courtesy copy of the Subpoenas were served on Counsel for Respondent and in her accompanying cover letter, the Board Agent offered to discuss with Respondent how best to accommodate production of the requested information. The cover letter accompanying the courtesy copy of the Subpoenas is attached here as Exhibit 9.

(l) Return receipts for the Subpoenas were received by Region 20, noting that Respondent received the Subpoenas on January 4, 2016. The return receipts are attached here as Exhibit 10.

(m) From January 5, 2016, to February 22, 2016, the Board Agent and Counsel for Respondent conferred numerous times, orally and in writing, regarding Respondent's obligation under the Subpoenas to provide documents and answers to interrogatories. During this time period and to date, Respondent maintains that the Board is not entitled to the information and documents it subpoenaed and Region 20 disagrees with that position. These communications are attached here in chronological order as Exhibits 11 through Exhibit 22.

(n) Based on the above, Respondent has failed and refused to comply with the Board's Subpoenas.

(o) The testimony, records and documents requested in the Subpoenas are relevant and material to the Board's current investigation of Cases 20-CA-160717, 20-CA-160720, 14-CA-158833, and 13-CA-163062. Respondent's incomplete documentary production, non-responsive and incomplete answers to the interrogatories and its failure to make available its Custodian of Records for a sworn statement pursuant to the Subpoenas have impeded and continue to impede the Board in the investigation before it. In order for the Board to carry out its statutory duties and functions under the Act, an order compelling Respondent to comply with the Subpoenas is necessary and appropriate.

WHEREFORE, Applicant, the National Labor Relations Board, respectfully prays that:

(p) An Order To Show Cause issue directing Respondent to appear before this Court on a day certain to be fixed in said Order and to show cause, if any there be, why an order should not issue directing Respondent's Custodian of Records to appear before a Board agent designated by the Regional Director of Region 20 of the Board to take evidence in Cases 20-CA-160717, 20-CA-160720, 14-CA-158833, and 13-CA-163062, at such time and place as the Regional Director may designate, directing Respondent's Custodian of Records to appear before a Board agent designated by the Regional Director of Region 20, and then and there produce the records and documents requested in Subpoena *Duces Tecum* No. B-1-PRL733; directing Respondent's Custodian of Records to appear before a Board Agent designated by the Regional Director of Region 20, at such time and place as the Board Agent may designate, and then and there provide sworn written answers to the interrogatories and testify in obedience to Subpoena *Ad Testificandum* A-1-PRRW1T.

(q) Upon the return of said Order to Show Cause, an order issue from this Court requiring Respondent's Custodian of Records to appear and produce documents and testimony as stated in paragraph (p) above.

(r) The Applicant, National Labor Relations Board, have such other further relief as may be necessary and appropriate.

DATED AT San Francisco, California, this 29th day of February, 2016.

    /s/ Jill H. Coffman
Jill H. Coffman
Regional Attorney, Region 20

Richard Griffin
General Counsel of the Board

Christy J. Kwon
Supervisory Attorney, Region 20

Carmen León
Field Attorney, Region 20

Attorneys for Applicant
National Labor Relations Board

1 | STATE OF CALIFORNIA )
2 | COUNTY OF SAN FRANCISCO ) SS.
)

Jill H. Coffman certifies and says that she is the Regional Attorney of the Twentieth Region of the National Labor Relations Board; that she has read the foregoing application and exhibits attached thereto and knows the contents thereof; that the statements therein made as upon personal knowledge are true and that those made on information she believes to be true.

DATED February 29, 2016, at San Francisco, CA.


    /s/ Jill H. Coffman
Jill H. Coffman,
Regional Attorney, Region 20

1  STATE OF CALIFORNIA            )
                                  )    SS.
2  COUNTY OF SAN FRANCISCO        )

3       Christy J. Kwon attests that concurrence in the filing this Application For Obedience to

4  Subpoenas, and all supporting documents to the Application, has been obtained from each of the

5  other Signatories, which shall serve in lieu of their signatures on the document.

6       DATED February 29, 2016, at San Francisco, CA.

8                                  /s/  Christy J. Kwon
                                   Christy J. Kwon
9                                  Supervisory Attorney, Region 20